1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

FILED
2021 AUG 09 02:38 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 21-2-10483-1 SEA

IN THE SUPERIOR COURT OF THE STATE WASHINGTON
IN AND FOR KING COUNTY

RODNEY S. THORNLEY,

    Plaintiff,

    v.

LAKE WASHINGTON SCHOOL DISTRICT NO.
414,  PAT FOWLER-FUNG, JOHN or JANE
DOE, her spouse, in her individual and official
capacity, and the marital community composed
thereof, and ERIN BOWSER, and JANE OR JOHN
DOE, her spouse, in her individual and official
capacity, and the marital community composed
thereof, WILLIAM ROSEN, in his individual and
official capacity, JANE OR JOHN DOE ROSEN,
and the marital community composed thereof, and
JON HOMEN, in his individual and official
capacity, and JOHN OR JANE DOE HOLMEN,
and the marital community composed thereof,

    Defendants.

NO.

COMPLAINT FOR
DAMAGES
AND OTHER RELIEF
AND FOR VIOLATION
OF THE PUBLIC RECORDS
ACT

    This action is brought by Rodney S. Thornley for claims based in state law for

employment discrimination, retaliation, breach of contract, defamation, negligent

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 1

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

infliction of emotional distress, and negligent supervision, as well as federal

constitutional claims, all arising from his employment with the Lake Washington

School District.

## I.      PARTIES

1.1     Plaintiff Rodney S. Thornley (hereinafter "Plaintiff") is a seventy year old

Black male and  resident of King County, Washington and has been employed by

Defendant Lake Washington School District (hereinafter "LWSD" or "District" as a

certificated teacher and coach for over forty-three years, the vast majority of them at

Rose Hill Middle School. His position is represented by the Lake Washington

Education Association (hereinafter "LWEA") for collective bargaining and grievance

adjustment.

1.2     Defendant Lake Washington School District No. 414 is a school district

organized under the laws of the State of Washington and is an employer within the

meaning of RCW 49.60.040 and RCW 49.44.090 and is a school district covered by

RCW 28A.642.040 and an agency with public records as defined by RCW 42.56.010 *et*

*seq*.

1.3     Defendant Fowler-Fung is an employee of Defendant District and at all times

relevant to this complaint was employed as Executive Director of Human Resources.

Ms. Fowler-Fung was authorized to act on behalf of Defendant District in the areas of

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 2

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

human resources and personnel management and was a state actor under 42 USC §1983. Upon information and belief, Defendant Fowler-Fung and Defendant Jane or John Doe [Fowler-Fung] comprise a martial community.

1.4     Defendant Bowser is an employee of Defendant District and at all times relevant to this complaint was authorized to act for it as Principal of Rose Hill Middle School. Upon information and belief,  Defendants John or Jane Doe [Bowser] comprise a marital community with  Defendant Bowser.

1.5     Defendant William Rosen is an employee of Defendant District and at all times relevant to this complaint was authorized to act for it as Director of Human Resources. Upon information and belief, Defendant Jane or John Doe [Rosen] and Defendant William Rosen comprise a marital community.

1.6     Defendant Jon Holmen is an employee of Defendant District and at all times relevant to this complaint was employed as its Deputy Superintendent or Superintendent and was authorized to act for it as its Chief Executive Officer and provide strategic vision, leadership, and direction to Defendant District and is a state actor and policymaker within the meaning of  42 USC §1983. Upon information and belief, Defendant Jane or John Doe [Holmen] and Defendant Jon Holmen comprise a marital community.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 3

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

## II.   JURISDICTION AND VENUE

2.1      Plaintiff and Defendant Lake Washington School District either reside or do business in King County, Washington.

2.2      Upon information and belief, the individual defendants also reside in King County, Washington.

2.3      Plaintiff has satisfied all conditions precedent to initiating this lawsuit including any notice of claim under RCW 4.96.020.

2.4      The events described below that give rise to this complaint took place in King County, Washington.

2.5      Jurisdiction is founded on  RCW 49.60.030, RCW 28A.642.040,  and RCW 2.08.010; venue in this court is proper under RCW 4.12 *et seq.*

2.6      This Court also has jurisdiction under RCW 42.56.550 to review Defendant District's failure to promptly disclose, produce, and/or make available for inspection requested public records. Venue is proper under RCW 42.56.550

## III.   FACTS GIVING RISE TO CLAIMS

3.1      Plaintiff, a Black 70-year-old male, has been employed on a continuing basis as a certificated teacher for Defendant District since 1977.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 4

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.2     Throughout his employment with Defendant District, Plaintiff has also been employed on supplemental contracts with Defendant District coaching varsity boys' basketball, girls' badminton, boys' and girls' track, and Regional C team girls' basketball. He was also student advisor to the Washington Teen Institute, an anti-drug-abuse group of students, and played a leadership role in the annual talent show at Rose Hill.

3.3     During the course of his employment with Defendant District, Plaintiff has earned a positive reputation among his students, their parents, and his fellow teachers in the community served by Defendant LWSD. Many students and graduates continue to have ongoing social and mentoring relationships with him after his roles as teacher or coach ended.

3.4     On or about October 25, 2018, Plaintiff coached a basketball game where the opposing team was coached by District employee Kerry McNaughton. At the game, Plaintiff approached Ms. McNaughton and, according to Ms. McNaughton, engaged in unwelcome conduct, including comments and physical touching.

3.5     On or about October 26, 2018, Ms. McNaughton submitted a written report regarding Plaintiff's conduct at the game on October 25, 2018.

3.6     In response to her report, on or about November 2, 2018, Defendant District conducted an investigative meeting with Plaintiff. In attendance were Defendant

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 5

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

Rosen; Jennifer Silves, LWEA (Lake Washington Education Association) UniServ Representative; and Defendant Bowser. At that meeting, Plaintiff acknowledged that he may have engaged in parodying a song lyric in the presence of Ms. McNaughton, which she disliked, but denied any unwelcome actions and/or conduct. To his knowledge he did not engage in any touching or physical contact with Ms. McNaughton or make any comments of a sexual nature.

3.7     On November 9, 2018, Defendant Rosen prepared proposed discipline for the McNaughton incident in the form of a Level 2 Written Reprimand to Plaintiff that was received by Plaintiff on November 12, 2018.

3.8     On November 28, 2018, at an Equity Team meeting at Rose Hill that Plaintiff attended along with other teaching staff and administrative employees, Plaintiff gave a fellow teacher, Brittani Brown, a side hug

3.9     On November 30, 2018, at the request of Defendant Bowser, Brown wrote a report regarding Plaintiff's conduct at the meeting in which she indicated that she felt Plaintiff's conduct was unprofessional, disrespectful, and not welcomed by her.

3.10     On or about December 5, 2018, without any other form of complaint from Ms. Brown, Defendant Bowser wrote an email to Defendant LWSD's Director of Human Resources Rosen regarding the November 28, 2018 interaction between Plaintiff and Ms. Brown.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 6

LAW OFFICE
**PATRICIA S. ROSE**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.11     On December 7, 2018, Ms. Brown wrote a clarifying statement in an email to Defendant Rosen indicating that although Plaintiff's conduct had made her uncomfortable, she had anticipated that her comments to Defendant Bowser would be kept confidential, that the issue would not escalate to the level it had, and that she had neither initiated any of the follow-up actions nor believed that the conduct merited further investigation.

3.12     On or about December 8, 2018, Defendant Rosen prepared and delivered to Plaintiff a written reprimand directed at Plaintiff's conduct in his interaction with Ms. McNaughton.

3.13     On  December 10, 2018,  Defendant District held a second investigative meeting with Plaintiff, this time regarding the Brown interaction. In attendance at that meeting with Plaintiff were Ms. Silves, UniServ Representative; Defendant Bowser; and Defendant Rosen.

3.14     Despite learning that a Caucasian male teacher at the October Equity meeting acknowledged that he also may have provided Ms. Brown a "side hug" on December 13, 2018,  Defendant Rosen prepared and provided to Plaintiff on December 18, 2018 a second written reprimand and letter of directive to Plaintiff regarding Plaintiff's interaction with Ms. Brown and expectations of Plaintiff for the future.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 7

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.15     On January 24, 2019, Plaintiff, through his designated collective bargaining representative Peter Alav of LWEA, filed a formal union grievance regarding the discipline with respect to both the Brown and McNaughton interactions. This grievance was ultimately resolved only in April of that year.

3.16     On April 19, 2019, Defendant District mitigated Plaintiff's discipline and Plaintiff received final discipline regarding the McNaughton and Brown incidents as follows.

     1.     Written Reprimand with directives for McNaughton incident; and,

     2.     Level 2 Written Warning with letter of directives for Brown incident. Upon information and belief,  Defendants did not examine any prior incidents of alleged inappropriate, unprofessional, or unwelcome conduct in making decisions regarding Plaintiff's discipline. On April 23, 2019, Plaintiff was advised, through correspondence, that representatives of the LWEA would take no further action on these disciplinary actions.

3.17     On April 29, 2019, independent of LWEA, Plaintiff filed a grievance on the McNaughton and Brown revised discipline as his coaching role was not covered by the District's collective bargaining agreement with LWEA but was covered by the non-represented employee policy.

3.18     On April 30, 2019, Plaintiff was advised by Defendant Bowser that he was

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 8

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

prohibited from taking his Washington Teen Institute group (a student group Plaintiff had developed and advised for over thirty years) on its annual outing to Wild Waves amusement park while Caucasian band and orchestra advisors were authorized to engage in such trips with their students without scrutiny or interference from Principal Bowser.

3.19    Defendant Bowser indicated that she was preventing Plaintiff from participating in the Wild Waves event to "protect"  him .

3.20    On  May 3, 2019, Defendant Fowler-Fong responded to Plaintiff's new grievance indicating that Plaintiff could not grieve the revised discipline as Defendant District under that LWEA had the authority to negotiate and settle those disciplinary actions and the other policy was not applicable.

3.21    On May 3, 2019, Plaintiff attended a public meeting of Defendant District's School Board  to address his concerns but because the concerns involved personnel matters he was not permitted to do so.

3.22    Plaintiff also sought to follow up in a private meeting with a District Board member under his understanding that the School Board was the final district-level decision maker for appeals under "... law, contract or established district procedures." That meeting did not take place.

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.23    On or about June 19, 2019, Plaintiff requested, and had, an informal meeting with Defendant Holmen, then the District's Deputy Superintendent, to advise him of his concerns regarding discrimination, hostile work environment and the investigative methods used by Defendant Rosen in his situation.

3.24     On June 24, 2019, Plaintiff wrote and filed a formal internal discrimination complaint with Defendant District alleging disparate treatment compared with similarly situated Caucasian employees, including but not limited to implicit or unconscious race bias in Defendant District's conduct regarding him and disciplinary action taken against him.

3.25    On or about August 2, 2019, attorney Chris Burton was retained by Defendant District to respond to Plaintiff's race discrimination complaint.

3.26    Between approximately August 2, 2019 and September 12, 2019, Mr. Burton investigated Plaintiff's race discrimination complaint but failed to engage in any comparative analysis of similarly situated employees, including specifically Laura Reed and Doug Deskins, despite receipt of such evidence from Plaintiff and/or his LWEA representative.

3.27    On or about October 31, 2019, a student identified as "BT" made an allegation that Plaintiff made an unwelcome comment to her in gym class.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 10

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.28    Without any inquiry to Plaintiff as to the accuracy of the student's representations, on November 1, 2019 Plaintiff was put on paid administrative leave and removed from his teaching and coaching duties for undisclosed reasons. He was also prohibited from being on Defendant's property or having contact with District personnel regarding the investigation.

3.29    Weeks later, on November 20, 2019, Plaintiff was advised through a UniServ representative that there was an allegation as to his "interaction with a student."

3.30    While Plaintiff was on leave, on or about December 19, 2019, a student identified as "GO", alleged that Plaintiff engaged in a practice of giving piggyback rides to girls and had stated to BT that she was a "sexy white bitch," both of which were not verified by the subsequent investigation by Richard Kaiser.

3.31    At a date unknown, Defendant District or its counsel retained attorney Richard Kaiser to investigate the allegations made regarding Plaintiff's alleged interaction with BT.

3.32    On  January 6, 2020, Plaintiff was interviewed by Mr. Kaiser in the presence of UniServ Representative Kate Bishop and Defendant Fowler-Fung in which Plaintiff acknowledged making a comment to BT involving use of the phrase "BW."

3.33    On or about January 24, 2020, Mr. Kaiser presented his written  findings to the District's counsel regarding the BT incident.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 11

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.34    In correspondence dated February 18, 2020, Plaintiff was informed on February 19, 2020 in writing for the first time that a fifteen day suspension was recommended for his interaction with BT.

3.35    On or about February 20, 2020, Plaintiff participated in *a Loudermill* hearing attended by Dale Cote, Defendant District's High School and Middle School Director; Defendant Bowser; Defendant Fowler-Fung; and Ms. Bishop, to determine whether discipline should be imposed on Plaintiff for the comments made to BT.

3.36    On  February 28, 2020, Plaintiff was informed that he would not able to attend a basketball game on District property, even though no discipline had been imposed on him.

3.37    On April 2, 2020, Plaintiff received a notice of final discipline indicating that he would be suspended without pay for fifteen days.

3.38    On or about April 2, 2020, Defendant Bowser wrote and disseminated an email to Rose Hill staff reiterating that Plaintiff's "approved leave" would continue through the end of the school year and that Plaintiff would not be returning to teach at Rose Hill Middle School.

3.39    On April 2, 2020, Plaintiff was advised in writing of his involuntary transfer from Rose Hill Middle School, an action that can contractually only be imposed when the District can demonstrate a need "to protect the quality of the instructional program

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 12

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

and/or the welfare of the individual [teacher]." Transferring Plaintiff away from his teaching assignment of forty plus years was not in the welfare of Plaintiff nor was it necessary to protect the quality of the instructional program.

3.40    On April 12, 2020, Plaintiff learned that his proposed discipline would be converted from a Level One Written Warning (McNaughton incident) to a written warning, and the Level Two Discipline (Brown incident) converted to a non-disciplinary directive letter without reference to the prior incident that year.

3.41    On May 14, 2020, Plaintiff, through counsel, filed a grievance regarding his transfer. In correspondence to Plaintiff's counsel dated May 19, 2020, Defendant District, through its counsel, refused to process Plaintiff's grievance by stating that he lacked standing to grieve without the LWEA.

3.42    On or about July 21, 2020, Plaintiff filed a Tort Claim with the District pursuant to RCW 4.92.

3.43    Between May 19, 2020 and August 6, 2020, Plaintiff was not informed of his employment status or assignment with Defendant District until correspondence to his counsel indicated that he would be assigned to Timberline Middle School to teach seventh and eighth grade fitness classes, even with the knowledge that the school was overstaffed in its physical education department.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 13

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

3.44     Beginning in the second season in academic year 2019-2021, and again in 2020-2021, despite his superior qualifications and experience, Plaintiff was not selected to assist in any extracurricular activities with any students at Defendant District.

3.45     After completing the virtual school year in the Timberline assignment, and on-site instruction from April 15, 2021 to June 16, 2021 without incident, Plaintiff was informed in a letter on May 13, 2021 that he was again being involuntarily transferred, this time to Eastlake High School. In a subsequent meeting on June 2, 2021with UniServ Representative Laura Lee Barron and Defendant District's Director of Secondary Education Whitney Meissner**,** Dr. Meissner was unable to explain, or indicated that she did not know, the justification for the transfer and referred Plaintiff to Mr. Cote, Defendant District's High School and Middle School Director and the letter's author.

3.46     On August 2, 2021, Defendant Holmen wrote Plaintiff a letter indicating that he was being involuntarily transferred to Eastlake High School.

### IV.     CAUSE OF ACTION NOS. 1 AND 2:  DEFAMATION AND FALSE-LIGHT INVASION OF PRIVACY

4.1     Paragraphs 1.1 to 3.46 are realleged as if fully set forth herein.

4.2     On or about November 8, 2019, Defendant Bowser sent an email to staff and parents noting that Plaintiff was on "an approved leave" and later communicated that Plaintiff would not be returning to Rose Hill, each without further explanation.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 14

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

Because of the lack of clarifying communication, Defendant District implicitly authorized and permitted the publication of false and damaging innuendo that was circulated among parents, students, faculty, and administrative staff of Defendant District regarding Plaintiff's unusual and extended absence from the school, including false allegations that he had been discharged, that he had touched female students or engaged in sexual or other forms of misconduct.

4.3     Prior to this action, Plaintiff enjoyed a positive reputation among each of those groups and the greater LWSD community.

4.4     On or about April 2, 2020, Defendant Bowser issued an email indicating that Plaintiff's leave would be extended through the balance of the school year and that he would not be returning to Rose Hill.

4.5     In implementing an involuntary transfer of Plaintiff to Timberline Middle School after forty three years at Rose Hill, agents of Defendant District have repeatedly published false statements that the transfer was necessary and required for Plaintiff's welfare and/or educational needs at Rose Hill.

4. 6     Defendant Bowser's statements and those of other individual Defendants in communications regarding Plaintiff during calendar years 2018 through the present that were published to the greater Rose Hill community were not qualifiedly privileged and did not exceed any such conditional privilege afforded those individuals as they were

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 15

1    made with reckless disregard for the truth or falsity of the representations made therein.

2    4.7    Even if any statements made by Defendant District were partially true,

3    publication of statements regarding Plaintiff placed him a false light or otherwise

4    invaded his reasonable expectations of privacy in decision-making regarding him.

5

6    ## V.    CAUSE OF ACTION NO. 3:   RACE AND/OR AGE DISCRIMINATION IN VIOLATION OF STATE LAW

7    5.1    Paragraphs 1.1 to 4.7 are realleged as if fully set forth herein.

8    5.2     In proposing and taking personnel, corrective, and/or disciplinary actions

9
against Plaintiff due to his alleged conduct, Plaintiff was treated disparately to similarly

10   situated younger and non-Black teachers accused of similar or more egregious conduct

11   during the period from 2009 to the present.

12

13   5.3    Defendant District's policy and practice regarding investigation in response

14   to alleged misconduct or inappropriate behavior by certificated staff in interactions

15   with peers or students did not typically lead to involuntary transfer, proposed fifteen

16   day suspension, prohibition of the accused teacher from attendance at District events,

17   or actions consistent with those taken against Plaintiff from 2018 to the present.

18   5.4    Defendant Bowser treated Plaintiff differently than other, similarly situated

19   younger and Caucasian employees accused of inappropriate conduct during the three-

20   year period before the allegations leveled at Plaintiff.

21

22

23

24

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 16

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

5.5     Defendant District's policy and practice did not typically involve use of external investigators to ascertain facts prior to evaluating proposed discipline.

5.6     Defendants' disparate treatment of Plaintiff and other conduct directed at him, including the investigator(s)' and review officials' failure to conduct any comparative analysis of the similarly situated employees accused of unprofessional and/or inappropriate conduct affected the terms and conditions of Plaintiff's employment and created a hostile work environment due to his race and/or age.

5.7      Defendants' adverse actions taken against Plaintiff were substantially motivated by his race and/or age in violation of RCW 49.60.030, RCW 49.60.180 and RCW 49.44.090. Defendants' conduct additionally violated RCW 28A.642.010.

**VI.     CAUSE OF ACTION NO. 4:  UNFAIR LABOR PRACTICES AND DISCRIMINATION DUE TO UNION ACTIVITY**

6.1     Paragraphs 1.1 to 5.6 are realleged as if fully set forth herein.

6.2     From September 1991 to September 2019, Plaintiff served as a Building Representative for the LWEA and was widely viewed as a zealous advocate for the rights of teachers and other non-certificated staff and students.

6.3   In taking administrative, disciplinary, and alleged "corrective" action against Plaintiff during the 2018-2019 and 2019-2020 school years, Defendant District, its managing agents, and the individual agents, all treated Plaintiff disparately than similarly situated certificated teachers and/or other staff and coaches accused of

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 17

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

unprofessional conduct, sexual misconduct, or more egregious conduct than that alleged to be the basis of the Defendant District's decision-making.

6.4      Defendants' actions in initiating disciplinary action and involuntarily transferring Plaintiff from his position at Rose Hill Middle School and then from Evergreen Middle School were substantially motivated by his prior history and role as a Building Representative for LWEA and for advocating for students and other faculty members regarding compliance with Defendant's policies based in federal and state law and in Defendant District and LWEAs' union contracts and memoranda of understanding.

6.5      Defendants' action violated RCW 49.32.020 and RCW 41.59 and RCW 41.58.

### VII.    CAUSE OF ACTION NO. 5:
### RETALIATION IN VIOLATION OF RCW 49.60.210

7.1      Paragraphs 1.1 to 6.5 are realleged as if fully set forth herein.

7.2      Plaintiff's  internal complaint and opposition to conduct that he reasonably perceived to be race discrimination is protected conduct under RCW 49.60.210.

7.3      Defendants' action in transferring Plaintiff  and otherwise preventing him from obtaining coaching and other opportunities was substantially motivated by Plaintiff's protected conduct.

7.4      Defendants' adverse treatment of Plaintiff violates RCW 49.60.210.

### VIII.  CAUSE OF ACTION NO. 6 :  BREACH OF PROMISES

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 18

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

**CONTAINED IN COLLECTIVE BARGAINING AGREEMENT
AND  DISTRICT  POLICY**

8.1     Paragraphs 1.1 to 7.4 are realleged as if fully set forth herein.

8.2     Plaintiff is a third party beneficiary of the contract(s) in place between the Defendant District and LWEA during all periods relevant to this complaint.

8.3     In proposing and implementing various actions against Plaintiff described in detail above, including removal of his coaching responsibilities, his teaching assignment at Rose Hill, the disciplinary actions contained in his personnel file, and the involuntary transfer of his position on two occasions, Defendant District and the individual defendants jointly and severally breached the terms of the collective bargaining agreement and any memoranda of understanding between the Union and District.

8.4     Specifically, Defendant District breached of its collective bargaining agreement with the LWEA and policies of the Defendant District identified in Appendix A in its actions directed at Plaintiff.

**IX.     CAUSE OF ACTION NOS. 7 AND 8: NEGLIGENT SUPERVISION AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

9.1     Paragraphs 1.1 to 8.4 are realleged as if fully stated herein.

9.2     Defendant District owed Plaintiff a duty of care in selecting, training, and supervising its human resources and other administrative staff to ensure that they

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 19

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

properly administer the terms of its collective bargaining agreement and enforce its

personnel and other policies and procedures in an equitable and fair manner.

9.3     Defendant District breached this duty in its actions and omissions to act towards

Plaintiff, resulting in emotional distress and other damages.

**X.     CAUSE OF ACTION NOS. 9 AND 10: 42 U.S.C. §1983 - DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT AND ARTICLE 1, SECTION 3 OF THE WASHINGTON STATE CONSTITUTION**

10.1    Paragraphs 1.1 to 9.3 are realleged as if fully set forth herein.

10.2    Defendants' actions and inactions as alleged herein deprived Plaintiff of his

property interest in his continued employment as a coach in his career position with the

Defendant District.

10.3    The named Defendants and as yet unknown agents of Defendant District are

state actors whose actions under color of state law deprived Plaintiff of his

constitutionally protected right to due process through refusal of his access to the

grievance procedure available to his fellow members of the District's bargaining unit

with the LWEA.

10.4    Defendants' actions in publicizing stigmatizing and untruthful allegations

regarding Plaintiff's conduct have deprived Plaintiff of his liberty interest in reputation

and pursuit of his chosen occupation in violation of his rights under the 14th

Amendment to the United States Constitution and Article 1 §3 of the Washington State

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 20

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

Constitution, as well as his rights to equal protection and due process of law contained in those Amendments and Articles respectively.

10.5    Defendant District's actions and inactions as delineated above were conducted by policy makers of Defendant District.

10.6    The individual Defendants' actions were in violation of Plaintiff's substantive rights under state law and in violation of the 14th Amendment to the United States Constitution and its guarantees of equal protection and due process of law.

10.7    These actions as well as the arbitrary and capricious nature of other actions of the individual Defendants deprived Plaintiff of his right to due process protected by the 14th Amendment to the United States Constitution and Article 1 §3 of the Washington State Constitution.

10.8    The individual Defendants acted in their individual capacity in recklessly depriving Plaintiff his of his civil rights in violation of 42 U.S.C. §1983.

10.9    The individual defendants are not entitled to qualified immunity and are liable to Plaintiff in their individual capacities for punitive damages in an amount to be proved at trial.

### XI.    CAUSE OF ACTION NO. 11:  FAILURE TO PRODUCE REQUESTED PUBLIC RECORDS

11.1    Plaintiff realleges paragraphs 1.1 to 10.9 as if fully set forth herein.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 21

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

11.2     Plaintiff retained the undersigned counsel to represent him with regard to potential claims against the District.

11.3     On June 3, 2020, attorney Patricia S. Rose submitted a public records request to Defendant District requesting information relevant to Plaintiff's complaints.

11.4     On December 9, 2020, Plaintiff's counsel reiterated her request, indicating deficiencies in the original responses.

11.5     On or about March  3, 2021,  Defendant District's public information officer indicated that Defendant District did not receive the December 9, 2020 request.

11.6     On April 24, 2021,  Plaintiff's counsel submitted a complete set of documents indicating the prior deficiencies and identifying some new areas stemming from Plaintiff's transfer including a written authorization from Plaintiff for release of any otherwise confidential documents potentially exempt from public disclosure laws.

11.7     On April 28, 2021, Defendant  District, in correspondence to counsel, indicated it would need time to respond to Plaintiff's April 24, 2021 request by July 31, 2021.

11.8     As of this writing, Defendant District has not supplemented or provided any documents it promised.

## XII.    DAMAGES

12.1     Paragraphs 1.1 to.11.8 are realleged as if fully set forth herein.

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 22

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

12.2    As a proximate cause of the conduct of each Defendant, Plaintiff has suffered and continues to suffer economic damages in the form of past and future earnings, benefits of employment, coaching opportunities, and other pecuniary advantages in an amount to be proved at trial.

12.3    As a direct and proximate cause of the conduct of each Defendant, Plaintiff has suffered damages for intangible losses including humiliation, embarrassment, emotional distress, loss of ability to enjoy life, loss of reputation, and other intangible harm in an amount to be proved at trial.

12.4    As a proximate cause of the conduct of each Defendant, Plaintiff has suffered special damages for medical treatment and other out of pocket expenses and actual losses in an amount to be proved at trial.

12.5    Defendants are jointly and severally liable for the actual economic and non-economic and special damages proximately caused by each Defendant's conduct towards Plaintiff.

12.6    The individual Defendants are liable to Plaintiff for punitive damages proximately caused by their violation of Plaintiff's constitutional rights.

### XIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

LAW OFFICE
**PATRICIA S. ROSE**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 23

1.      Compensatory damages for loss of past and future earnings, pecuniary advantages of employment, and other economic damages in an amount to be proved at trial;

2.      A supplemental award to compensate for any adverse income tax consequences of any damages or award of attorneys' fees;

3.      Compensatory damages for intangible losses, emotional distress, humiliation, embarrassment, loss of ability to enjoy life, and loss of reputation;

4.      Reimbursement for all medical and other out pocket expenses, and special damages incurred by Plaintiff;

5.      Punitive damages from the individual Defendants' violation of Plaintiff's constitutional rights as authorized under 42 USC §1983;

6.      Reasonable attorney's fees, litigation costs including expert witness fees, and other relief as authorized by RCW 49.60.030 and 42 USC §1988;

7.      Pre- and post-judgment interest;

8.      Injunctive and/or other equitable relief necessary to place Plaintiff at Rose Hill Middle School with teaching assignments and other responsibilities he had prior to involuntary transfers;

9.      Restoration of all coaching stipends and opportunities;

10.      Imposition of statutory penalties for Defendant District's failure to

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 24

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com

1   timely provide responses to Plaintiff's public records requests; and,

2       11.     Any other relief the Court deems just and appropriate.

3               Respectfully submitted this 9th day of August, 2021.

4

5               **LAW OFFICE OF PATRICIA S. ROSE**

6               *Patricia S. Rose*

7               —————————————————————————
                Patricia S. Rose, WSBA #19046

8               Attorney for Plaintiff
                1455 NW Leary Way, Suite 400

9               Seattle, Washington 98107
                (206) 622-8964 (voice)

10              (206) 694-2695 (fax)
                patty@pattyroselaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24
                                                        LAW OFFICE
                                                    PATRICIA S. ROSE
                                                 1455 NW Leary Way, Suite 400
                                                  Seattle, Washington 98107
    COMPLAINT FOR DAMAGES AND                      TEL 206-622-8964
    OTHER RELIEF - 25                            patty@pattyroselaw.com

**VERIFICATION OF PLAINTIFF**

I,  RODNEY S. THORNLEY, am the Plaintiff in the above matter. I have reviewed the above-captioned complaint for damages and other relief and the factual recital made therein. I do certify under penalty of perjury that the statements and contentions therein are true and correct to the best of my knowledge and belief.

Dated at Seattle, Washington this _____ day of  August, 2021.


_____
RODNEY S.  THORNLEY

COMPLAINT FOR DAMAGES AND
OTHER RELIEF - 26

LAW OFFICE
PATRICIA S. ROSE
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
TEL 206-622-8964
patty@pattyroselaw.com